FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 AUG -3 PM 1: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| FREDDIE IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 604-024 |
| | ) | |
| WARDEN HUGH SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motions for summary judgment (doc. nos. 90 & 97) are **GRANTED**, and the Clerk of Court is directed to enter a final judgment in favor of Defendants Hugh Smith, Fred Brown, John Brown, Fred Wilson, Steve Dupree, Larry Brewton, Jimmy Joiner, Mark Green, Ferry Braddy, James Waynick, Tyrone Fair, Michael Byrd, Trace Simmons, Kevin Johnson, Michael McInnis, Anthony Oudems, Ernest Riner, and William Cheatam. Moreover, as Defendant Cheryl Walkins has never been served or made an appearance in this case, and as the time for effecting service under Fed. R. Civ. P.

4 has expired, she is **DISMISSED WITHOUT PREJUDICE** from the case, and the Clerk is directed to enter an appropriate judgment of dismissal as to this Defendant.[1]

Finally, the Court turns to Plaintiff's request for injunctive relief. After the Magistrate Judge recommended that Defendants' motions for summary judgment be granted but before the expiration of the extended time period Plaintiff was given to submit his objections, Plaintiff filed a "Motion for a Preliminary Injunction and Restraining Order."[2] (Doc. nos. 126-1 & 126-2). In this motion, he complains of an alleged use of excessive force during a shakedown of his cell on June 17, 2005. In allegations that bear a striking resemblance to the events originally giving rise to this lawsuit, Plaintiff claims that the officers who extracted him from his cell used force that resulted in injuries that were not properly examined or treated by medical staff at Georgia State Prison. Plaintiff requests that

---

[1] The issue of service on Defendant Walkins has been litigated at length in this case. The Magistrate Judge recommended, and this Court agreed, that Defendants' motion to dismiss Defendant Walkins should be denied without prejudice so that the United States Marshal could attempt personal service at the address provided by Plaintiff for this Defendant. (See doc. nos. 107 & 113). However, the United States Marshal filed an unexecuted Return of Service for Defendant Walkins on April 15, 2005; the notation on that document states that the Georgia Department of Corrections has no record of a current or former employee with Defendant Walkins' name, and therefore the Marshal could not effect service. (Doc. no. 114). Plaintiff has repeatedly been informed of his responsibility for providing an address for service and has been repeatedly informed that a defendant may be dismissed for failure to effect service. (See, e.g., doc. no. 16, p. 5; doc. no. 62, p. 1; doc. no. 107, pp. 1-2). The time permitted for service under Fed. R. Civ. P. 4 has long-since expired, and Plaintiff, despite many chances to do so, has not provided the necessary information for service to be accomplished.

[2] In contravention of Local Rule 5.1, the motion was not served on counsel for Defendant Cheatam. A motion may be summarily denied for failure to comply with a court's local rules. Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).

2

prison officials be ordered to stop their "assaults and intentions on killing" him and that he be transferred to a different institution. (Doc. no. 126, pp. 4-5).

Defendants' response to the motion counters that Plaintiff had to be extracted from his cell because he refused to comply with inspection procedures; when correctional officers were returning Plaintiff to his cell, he allegedly threatened to kill an officer and spit on the officer when he was told to continue back to his cell. (Doc. no. 127, p. 1-2). The incident report describing the event, along with the Use of Force Assessment completed by Nurse Sharon Brown, was attached to the response.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[3] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

---

[3]"The standards for a temporary restraining order are the same as those for a preliminary injunction." Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (citation omitted). In fact, a temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994). Here, Plaintiff does not seek to preserve the status quo. In any case, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to requests for injunctive relief.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claims. First, he has submitted nothing other than his own self-serving affidavit in support of his claims. Defendants have submitted incident reports with statements from multiple individuals and medical records indicating that Plaintiff's misbehavior necessitated the use of force but that Plaintiff did not suffer any serious injury from the altercation. Given the dispute between the versions of what occurred and the amount and type of evidence available, Plaintiff simply cannot meet the "substantial likelihood" standard necessary for injunctive relief.

The Court is also mindful that had Plaintiff brought his latest claims in a new lawsuit and sought injunctive relief with the filing of a new complaint, these claims would be subject to initial screening the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). As these events occurred after the Magistrate Judge had recommended that Defendants be granted summary judgment on similar claims, the motion for injunctive relief looks suspiciously like an attempt to evade the exhaustion requirements of the PLRA and to avoid accumulating another "strike" under 28 U.S.C. § 1915(g) for bringing a case which fails to state a claim upon which relief can be granted. As one court explained:

> In passing the [PLRA] Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." Roller v. Gunn, 107 F.3d 227, 230 (4th Cir.), cert. denied, 522 U.S. 874, 118 S. Ct. 192, 139 L. Ed.2d 130 (1997). . . . Under 28 U.S.C. § 1915(g), an inmate who has filed three actions or appeals, which were dismissed as frivolous, malicious or for failure to state a claim, is prohibited from proceeding without the prepayment of fees unless he alleges that he is in imminent danger of serious physical harm. The three

4

> strikes provision is directed at inmates who flood the courts with frivolous and vexatious litigation. Section § 1915(g) absolves the courts of the responsibility and expense of reviewing and serving actions on behalf of litigants who consistently file meritless actions.

Sumner v. Tucker, 9 F. Supp.2d 641, 644 (E.D. Va. 1998).

Under 42 U.S.C. § 1997e(c)(1), the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e). Moreover, § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). Thus, had Plaintiff filed his claims about mistreatment that allegedly occurred on June 17, 2005 as the basis of a new lawsuit on the date that he submitted them as part of his current motion (June 24, 2005), which would also have required him to pay a $250.00 filing fee or move for permission to proceed *in forma pauperis*, his claims would have been subject to dismissal

for failure to state a claim upon which relief may be granted; he would also have earned a strike under § 1915(g).[4]

In sum, as Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claims, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Accordingly, the "Motion for a Preliminary Injunction and Restraining Order" is **DENIED**. This civil action is **CLOSED**.

SO ORDERED this 3 day of August, 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4]Under the applicable Georgia Department of Corrections Standard Operating Procedure ("SOP"), the grievance procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B)(12)-(13). If the matter is not resolved by informal grievance, then a formal grievance is submitted, and the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the Warden's response is not satisfactory, the inmate may appeal to the Office of the Commissioner, and officials have ninety (90) days to respond to the appeal. Id. § VI(D)(2),(5). Thus, it is clear that the grievance procedure could not possibly have been exhausted between June 17, 2005 and June 24, 2005.

# United States District Court
## Southern District of Georgia

FREDDIE IRVIN
_____ )

vs ) CASE NUMBER CV 604-024

WARDEN HUGH SMITH, et al
_____ ) DIVISION STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated August 3, 2005, which is part of the official record of this case.

Date of Mailing: August 3, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Freddie Irvin, ED#260606, Georgia State Prison, 2164 GA Highway 147, Reidsville, GA 30499
Shira Adler, Esq.
Michael D. Flint, Esq.
John C. Jones, Esq.
Andrew Marshall Magruder, Esq.
Jesse Weatherpoon Owen, Esq.

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate